UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-124-RLV
(5:04-cr-37-RLV-1)

| | |
|---|---|
| **JOSEPH RICHARD GREENE,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court upon Respondent's motion to hold Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 USC § 2241 (Doc. No. 1) in abeyance. (Doc. No. 6.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On November 19, 2004, Petitioner pled guilty in federal district court, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Entry & Acceptance of Guilty Plea, 5:04-cr-37, Doc. No. 15.) Because Petitioner had at least three prior violent felony convictions, his conviction under § 922(g)(1) triggered a mandatory minimum sentence of fifteen years in prison under the Armed Career Criminal Act. See 18 U.S.C. § 924(e). This Court sentenced Petitioner to 188 months in prison. (Judgment, 5:04-cr-37, Doc. No. 24.) Judgment was entered on August 29, 2005, and Petitioner did not appeal.

On July 16, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, 5:12-cv-00096-RLV, Doc. No. 1.) It was dismissed as untimely on February 25, 2014. (Order Den. Mot. to Vacate, 5:12-cv-00096-RLV, Doc. No. 8.)

On June 9, 2016, Petitioner filed a motion in the Fourth Circuit for authorization to file a

1

successive § 2255 motion to vacate in district court.  See In re: Joseph Richard Greene, No. 16-9145 (4th Cir. filed June 9, 2016), ECF No. 2.  Prior to the court of appeals ruling on the motion, counsel for Petitioner opened the instant application for habeas relief in this Court on June 24, 2016, by filing a § 2255 Motion to Vacate, challenging Petitioner's sentence enhancement under Johnson v. United States, 135 S. Ct. 2551 (2015).  (Doc. No. 1.)  Counsel argued in the alternative that Petitioner is entitled to relief pursuant to § 2241.  (Doc. No. 1 at 7-8.)

Subsequently, the Fourth Circuit denied Petitioner's motion for authorization to file a successive § 2255.  See In re: Joseph Richard Greene, No. 16-9145 at ECF No. 7.  This Court ordered Respondent to respond to Petitioner's alternative argument that he is entitled to relief pursuant to § 2241.  (Doc. No. 5.)

On November 16, 2016, Respondent filed the instant Motion to stay and hold these proceedings in abeyance pending an en banc decision by the Fourth Circuit Court of Appeals in United States v. Surratt, No. 14-6851.  Initially, a three-judge panel of the Fourth Circuit, in a 2-1 vote, held that a petitioner must demonstrate "actual innocence of a criminal act" for relief under § 2241.  United States v. Surratt, 797 F.3d 240, 247 (4th Cir. 2015).  Substantive changes to the law governing elements of sentence enhancements, as opposed to elements of the criminal offense, cannot be the basis of a § 2241 petition.  Id. at 247-48.  The Fourth Circuit granted rehearing en banc to consider whether relief under the savings clause is available to a petitioner to remedy the imposition of an erroneous mandatory minimum sentence.

Respondent contends that the en-banc decision in Surratt is likely to clarify the construction of the savings clause and, therefore, may determine whether Petitioner is entitled to relief under § 2241.  For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 6) is

**GRANTED.** This matter is held in abeyance pending the Fourth Circuit's decision in <u>Surratt</u>. Thereafter, Respondent shall have 60 days from the date the Fourth Circuit decides <u>Surratt</u> to respond to Petitioner's § 2241 Petition for Writ of Habeas Corpus.

    **SO ORDERED.**

Signed: November 21, 2016

Richard L. Voorhees
United States District Judge